KOHN ET AL., RESPONDENTS, *v.* CITY OF MISSOULA,
APPELLANT.

(No. 3,433.)

(Submitted November 12, 1914.    Decided December 8, 1914.)

[144 Pac. 1087.]

*Cities and Towns—Special Street Improvements—Procedure—*
*Statutes—Void Assessment.*

1.   To the lawful opening and widening of a street and the acquisition
of property necessary therefor at the expense of abutting owners,
compliance with the procedure requirements of sections 3369 and 3370,
Article X of Part IV, Title III, Chapter III, Revised Codes, re-
lating to special improvements, is necessary; an ordinance passed with-
out regard to their provisions was therefore ineffective to authorize a
special assessment to defray the cost of such an improvement.

[As to validity of street improvement made by city before dedication
to or condemnation by the city, see note in Ann. Cas. 1914B, 208.]

*Appeal from District Court, Missoula County; A. L. Duncan,*
*Judge.*

ACTION by Carrie Kohn and others against the city of Mis-
soula and others.   From a judgment for plaintiff, defendants
appeal.   Affirmed.

Cause submitted on briefs of counsel.

*Mr. Frank Woody,* for Appellant.

*Messrs. Tolan & Gaines,* for Respondents.

MR. JUSTICE SANNER delivered the opinion of the court.

On August 2, 1909, certain persons, owners of property abut-
ting on East Front street, city of Missoula, presented to the city
council their petition for the creation of a special improvement
district to open and grade said street through to Van Buren
street, the cost of the same to be assessed against the abutting
property, payment to extend over a period of eight years.
This petition was referred to and considered by appropriate

committees of the council, and on July 5, 1910, the council, "for the purpose of opening up and extending said East Front street through to Van Buren street as prayed for in said petition," adopted Ordinance No. 252. This ordinance, after declaring "that East Front street is hereby laid out, opened, widened and established from Madison street easterly to Van Buren street to the width of sixty feet," provides that certain property be acquired for such purpose, and that 75 per cent of the cost of acquiring such property be "assessed as a special tax against the property which will benefit by opening, widening and extending said street, * * * in proportion to the benefits received." Thereafter the city, acting under said Ordinance No. 252, acquired the property necessary for the purposes referred to, expending therefor about $9,500, and also carried forward and completed the improvement. On July 30, 1913, the council, having determined what property was benefited thereby and the amount of benefit received by each piece or parcel of land, proposed for adoption a certain resolution designated as Resolution 245A, levying a special assessment in various sums (to the aggregate amount of 75 per cent of the cost above mentioned) upon the several pieces or parcels of land determined to have been so benefited, and caused to be duly published a notice to the effect that on August 6, 1913, the city council would hear all persons concerned or interested, in protest or objection to the final adoption of said resolution. On August 5 the respondents filed their written protest based in part upon the admitted facts that no resolution was ever adopted declaring the intention of the council to make the improvement or to make it at the expense of property owners, or fixing a time at which they might be heard in objection thereto, or designating the boundaries of the district to be affected, nor was any notice of intention of the council to so act, describing the improvements proposed to be made, stating the estimated cost thereof, and designating a time for hearing objections thereto, ever given to the owners of property to be affected thereby, either by publication, posting or service. The protest was overruled, and Resolution 245A was

finally passed. The respondents are owners of property affected by the proposed levy and assessment fixed in said Resolution 245A, and the appellants, assuming to act under said resolution, threaten to, and unless restrained will, proceed to enforce the collection of said special assessments by legal proceedings and sale.

Upon this state of facts as presented by the pleadings, the cause was submitted to the court for decision and determination. The findings of fact and conclusions of law are recited in the judgment, the effect of which is to declare Resolution 245A to be void and to perpetually enjoin the appellants from enforcing or attempting to enforce the same. This appeal is from that judgment.

The validity of Resolution 245A, with the assessment sought to be made thereunder, depends upon the force and effect of [1] Ordinance No. 252, in so far as it attempts to authorize the imposition of any part of the cost of the improvement in question upon the owners of private property. It is urged by the respondents that Ordinance No. 252 was wholly ineffective for that purpose, because, although sections 3367 to 3429 (Art. X) Revised Codes, were then in force, the procedural requirements of sections 3369 and 3370 were confessedly ignored by the council. The ultimate question is whether these sections apply to public improvements of the character here involved.

The appellants' contention is that these sections do not authorize, and have no application to, improvements such as are here involved, for the following reasons: That the things directed by Ordinance No. 252 to be done were ''the opening, extending and widening'' of a street and the acquisition of property necessary therefor; that the power to do these things is expressly conferred by subdivisions 6 and 75 of section 3259, Revised Codes, and not by section 3369 or any provision of Article X, and therefore the council was not obliged to observe the requirements of that or the succeeding section in its proceedings; that since the power referred to is not granted by any section of Article X, sections 3379 and 3380, which provide how the cost of

acquiring property for opening and widening a street may be imposed upon private owners, must refer to the power granted by subdivisions 6 and 75 of section 3259, and must be taken as prescribing all the prerequisites to jurisdiction in such cases. This reasoning is ample to sustain the validity of Ordinance No. 252 in so far as it establishes the street in question and authorizes the acquisition of private property necessary to open the street to public travel; but as an effort to justify a public improvement at private expense, without regard to the provisions of sections 3369 and 3370, it is unavailing for several reasons.

In the first place, Ordinance No. 252 does not in terms create a special improvement district. This alone is sufficient to defeat those provisions of it which seek to authorize the special assessments, unless we hold that such assessments may be imposed in other ways than by means of special improvement districts, or the ordinance be considered as an attempt to create such a district. The position of appellants is that part of the cost of securing property for the purpose of opening or widening a street can be imposed upon private owners without regard to the provisions of Article X governing the creation of special improvement districts and cannot be imposed under them. This position is based upon the assumed inadequacy of section 3369 and the necessity for a sufficient antecedent for sections 3379 and 3380.

We do not think that section 3369 is inadequate to include the work of opening and widening a street. In fact, almost any public improvement imaginable might be said to be comprehended within the general terms employed. (*Stadler* v. *City of Helena,* 46 Mont. 128, 127 Pac. 454.) The language upon this particular point is as follows: "The city or town council is authorized to provide by ordinance a system for doing any or all work, in or upon the streets, highways or public places of the city or town, and for making thereon street improvements and repairs and for doing any or all work authorized by this Act, and for the payment of the cost and expenses thereof. In

all cases where any part of the expense of any such improvement * * * is to be defrayed by special assessment, the council must," *etc.* Assuming the existence of a street to be opened or widened, it is difficult to see why such opening or widening is not "work upon streets," or is not an "improvement thereon," or is not "work authorized by this Act," in view of the express language of section 3379. Clearly, too, the phrase "such improvement" refers to anything that may constitute an improvement upon streets which is authorized to be done by section 3369 or by any of the provisions of Article X. As we understand the appellants' position, it is that by Article X "the legislature only intended to grant the city and town councils the power * * * to cause to be made improvements which could be made on a street, avenue or alley already laid out and in use by the public." Literally interpreted, this argument defeats itself; for, if a street "laid out and in use by the public" may not be opened, it may at least be widened or extended. We take the appellants to mean, however, that the acquiring of private property for the purpose of opening or widening a street is not in itself an improvement within the contemplation of Article X, and that, where the acquiring of private property is necessary for such purpose, such acquisition is a prerequisite to the existence of the street, and there is no street upon which work may be done or an improvement be made, until such property is acquired. Appellants are really not in position to urge this because of their admission of respondents' repeated averments that the operations authorized by Ordinance No. 252 were improvements upon a certain street of the city of Missoula. So, too, the existence of East Front street in some condition prior to the passage of the ordinance seems to be assumed by the petition for the improvement, as well as by the ordinance itself. However that may be, the passage of the ordinance was effective to bring the street into being if it had no existence before. A street exists for the purpose of being worked or improved, when it is laid out or established, and it is laid out and established whenever the proper authorities have properly defined and pro-

claimed it.  To make the street available to the public may involve the acquisition of private property, as it may involve the expenditure of physical effort; but neither is essential to the concept of a street, for which property may be acquired or upon which work may be done.  If, therefore, the work necessary to open or widen a street is within the provisions of section 3369, as we hold it is, the acquisition of property, where necessary, is a prerequisite, not to the existence of the street, but to the successful accomplishment of such work.  This must follow, not only from the general relation of sections 3379 and 3380 to the other sections of Article X, but also from the language employed. Attention was called in *Stadler* v. *City of Helena,* 46 Mont. 128, 127 Pac. 454, to the fact that the portion of Article X comprised within sections 3367 to 3417, Revised Codes, is a mere reproduction of the Act approved March 8, 1897 (Fifth Session Laws, pp. 212–223), as the same was amended and in force at the time the Revised Codes were adopted.  These sections (3367 to 3417) are therefore to be considered as a single legislative Act, the evident purpose of which was to provide a detailed plan for public improvements the cost of which might be borne or shared by property owners.  Sections 3379 and 3380 must therefore be regarded as having some reference to the plan so devised and to the methods of inauguration set forth in the sections now numbered as 3369 and 3370.  Unless this be so, or if it be true that the power to open or widen a street for which private property must be obtained is not within any section of Article X, but must be sought in section 3259, then the power to make such an improvement at private expense is nowhere granted, for only by virtue of the special improvement district provisions of Article X could such power be exercised.  (*Ford* v. *Great Falls,* 46 Mont. 292, 127 Pac. 1004.)  Sections 3379 and 3380 would thus be left "in the air," because they cannot be brought into play save upon the assumption that such an improvement is within the purview of Article X.

This result, as well as the special purpose of sections 3379 and 3380, is further illuminated by the language employed in

section 3379: "Whenever it is desired to make a special assessment to defray the cost of obtaining private property for the opening or widening of any street or alley, or for other purposes, or for any of the improvements mentioned in the preceding section, the city or town council shall," *etc.* The word "section" here is a misprint for sections, and obviously refers to all the preceding sections of the same Act and to nothing else. Sections 3379 and 3380 thus presuppose that the method prescribed in sections 3369 and 3370 has been followed so far as the inauguration of the system is concerned, but they provide a special basis and a special procedure by which the cost of securing property for the purposes mentioned may be distributed. In the case of improvements the cost of which is assessed to private owners according to frontage or area, there is no need for any further hearing after the resolution of intention has been heard and finally adopted; but, when the improvement consists in the extension or widening of a street, not all the cost of acquiring the necessary property can be taxed to the benefited owner (section 3380), and the benefit received by such owners remains undetermined by the resolution of intention. As to this there may and generally will be difference of opinion; and, to give each owner an opportunity to show that the distribution tentatively offered by the council is disproportionate, the further resolution and hearing are required by section 3379.

Finally, the interpretation which appellants give to sections 3369, 3370, 3379 and 3380, would empower the council to make a certain class of public improvements at private expense, without regard to the attitude of those upon whom the burden is made to fall; all they can do is to object to the apportionment of such expense as among themselves, after it has been incurred. Nothing short of unequivocal language can warrant the conclusion that such was the legislative intent. Such an intent is expressed by section 3373, with respect to district sewers, but nowhere else, and the reasonable inference is that no such course should be permissible in any other case.

'This court has held (*Ford* v. *Great Falls, supra; Shapard* v. *City of Missoula,* 49 Mont. 269, 141 Pac. 544) that the portion of section 3369 above quoted is permissive, but that the balance of that section and all of section 3370, prescribing the mode in which the authority granted shall be exercised, are mandatory and jurisdictional. This being so, and the improvement in question being of the character contemplated by section 3369, the conclusion must be that Ordinance No. 252, passed without any regard to such provisions, was ineffective to authorize any special assessment to private owners.

The judgment of the district court was therefore correct, and must be affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.